FILED
03 JUN -3 PM 1:55
U.S. D[IST. COURT]
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CLINTON FRESH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 02-PT-2192-E |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

ENTERED
JUN 3 2003

## MEMORANDUM OPINION

This cause comes on to be heard upon defendant United States of America's ("the Government") Motion for Summary Judgment, filed on April 30, 2003.

### FACTS AND PROCEDURAL HISTORY[1]

Plaintiff Clinton Fresh ("Fresh") alleges that he purchased a Murray riding lawn mower from the Fort McClellan, Alabama post exchange, the Army and Air Force Exchange Service ("AAFES") in June 1999. AAFES had received the lawn mower from the Murray distributor and contracted with C & C Small Engines ("C & C") of Anniston, Alabama to assemble the lawn mower. The assembly process included the installation of the steering wheel. C & C had entered into a contract with the Government to provide delivery services for the AAFES. Under an additional verbal agreement, C & C assembled lawn mowers for the AAFES. This arrangement was made because C & C was an authorized warranty center for Murray lawn mowers.

Fresh testified that he used the lawnmower until on or about April 11, 2001 at 10:30 a.m.,

---

[1] A pretrial conference was held in this case on May 30, 2003. At that conference, counsel for the plaintiff informed the court that he did not dispute the facts as alleged by the defendant. He also informed the court that he would not file a response to defendant's motion.

when the steering wheel came off of the lawn mower. From the time of purchase until April 11, 2001, Fresh had serviced the lawn mower himself by changing the oil, spark plugs, gas filter, and air filter. He also placed new blades on the lawn mower. He never took the lawn mower in for service or repair. The Government contends that it had no control over the lawn mower from the time it was sold until the date Fresh was injured, a period of almost two years. The Government also contends that if the alleged defect in the steering wheel had existed from the time of purchase, Fresh would have noticed it.[2]

While operating the lawn mower, Fresh attempted to remove a ball from his yard. Fresh held on to the steering wheel with his right hand and leaned to his left and moved the ball. While pulling himself back up, the steering wheel came off. He fell to the left, and his right leg was trapped between the seat and the height adjuster. Fresh was able to stop the mower, but not before his right leg was injured. Fresh has admitted that he has suffered no out-of-pocket medical expenses, because Tri-care has been taking care of all of his medicals in connection with this case.[3]

Fresh filed an administrative complaint with the United States Army on or around February 4, 2002. The claim was administratively denied. Fresh filed this complaint on September 6, 2002, alleging negligence/wantonness under the Federal Tort Claims Act. He seeks $1,000,000 in damages for injury, pain and suffering, and mental anguish.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed through pleadings,

---

[2] One witness did state that Fresh's wife had told her that Fresh was aware that the steering wheel was loose, although Fresh denies this.

[3] It is unclear to the court exactly what Fresh's relationship with Tri-care is.

2

discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Celotex*, 477 U.S. at 323. "It is never enough [for the movant] simply to state that the non-moving party could not meet their burden at trial." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (quotation omitted). The non-moving party then bears the burden of pointing to specific facts demonstrating that there is a genuine issue of fact for trial. *Celotex*, 477 U.S. at 324. The non-moving party "must either point to evidence in the record or present additional evidence 'sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'" *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (quotation omitted). Summary judgment is required where the non-moving party merely repeats its conclusory allegations, unsupported by evidence showing an issue for trial. *Comer v. City of Palm Bay*, 265 F.3d 1186, 1192 (11th Cir. 2001) (citation omitted).

      Summary judgment will not be granted until a reasonable time has been allowed for discovery. *Comer*, 265 F.3d at 1192. Moreover, "[w]hen deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999). Finally, the trial court must resolve all reasonable doubts in favor of the non-moving party, although it need not resolve all doubts in a similar fashion. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

## ARGUMENTS

The Government presents two main arguments in support of its motion. First, it argues that, under the Federal Tort Claims Act, it cannot be liable for the acts or omissions of independent contractors or their employees. The Government notes that 28 U.S.C. § 2671 defines the term "employee of the Government" to include officers or employees of any federal agency. However, the definition of "federal agency" specifically states that it "does not include any contractor with the United States." *Id.* In other words, "[n]either lessees nor independent contractors are 'employees of the government' for the purposes of the FTCA." *Gober v. United States*, 778 F.2d 1552, 1554 (11th Cir. 1986).

According to the Government, a "critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" *United States v. Orleans*, 425 U.S. 807, 814 (1976). The Government asserts that contract terms requiring satisfactory performance and providing for monitoring of compliance do not constitute the requisite day-to-day supervision necessary to convert a contractor into an agency or employee of the Government. *Id.* at 815-16. Here, Fresh has not even shown monitoring of contract compliance or safety by AAFES. Thus, the conduct of the Government falls well short of the day-to-day supervision required to convert an independent contractor to government agency status. Moreover, even if C & C is not an "independent contractor," the Government argues, there is no doubt that it is a "contractor," which are also exempted from the Federal Tort Claims Act. *See, e.g., LeSeur v. United States*, 617 F.2d 1197 (5th Cir. 1980).[4]

---

[4] The Government also contends that it cannot be held strictly or vicariously liable under the Federal Tort Claims Act. *See, e.g., Laird v. Nelms*, 406 U.S. 797, 799 (1972).

Second, the Government contends, Fresh was contributorily negligent, and thus barred from recovery. Generally, the Government argues, the substantive laws of Alabama govern tort actions under the Federal Tort Claims Act. *See Means v. United States*, 176 F.3d 1376 (11th Cir. 1999). In Alabama, a plaintiff's contributory negligence will generally defeat recovery if it was a proximate and contributing cause of his injury. *See Tyler v. City of Enterprise*, 577 So. 2d 876 (Ala. 1991). Here, the Government asserts, Fresh is guilty of product misuse in that the steering wheel was not intended to be used to support his weight while leaning over to pick up objects in the yard. Fresh's conduct was unsafe and demonstrated a lack of ordinary care and caution which should be deemed unreasonable as a matter of law.

## CONCLUSIONS OF THE COURT

The court concludes that the defendant is not liable under the Federal Tort Claims Act for the acts or omissions of either Murray or C & C. The defendant's motion will be granted.

This 3rd day of June, 2003.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**